The Ohio Associates Co. *v.* Pritz.

Pritz *v.* The Ohio Associates Co.

(Decided June 4, 1934.)

*Mr. S. Nash* and *Mr. Carl E. Basler,* for The Ohio Associates Company.

*Messrs. Moulinier, Bettman & Hunt* and *Mr. James L. Magrish,* for Carl E. Pritz.

*Messrs. Shook, Davies, Hoover & Beall,* for The Standard Mortgage Company.

Hamilton, P. J. The questions before the court are the motion to dismiss the appeal in the case of Pritz v. The Ohio Associates Company, and the motion to strike the bill of exceptions from the files in the case of The Ohio Associates Company v. Pritz.

As to the appeal, the record discloses that the judgment in the case was entered November 2, 1933, that the motion for a new trial was filed and overruled on the 9th day of January, 1934, that the appeal bond was given on January 9, 1934, that the claim of the appellant is that the time for giving the appeal bond

ran from the overruling of the motion for a new trial and that the claim of the appellee is that the time began to run from the judgment entry of November 2, 1933. In a chancery case the time for computing the period allowed to perfect an appeal, which is thirty days, begins to run from the date of the entering of the final judgment, and not from the date of the entry overruling the motion for a new trial. In this case the time began to run from the date of the judgment entry, November 2, 1933. The giving of the appeal bond on January 9, 1934, was not in time. The appeal not having been perfected in time must be dismissed at the costs of the appellant.

As to the motion to strike the bill of exceptions from the files, Section 11564, General Code, provides that the bill of exceptions must be filed "not later than forty days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed."

In this case a motion for a new trial was filed, and was overruled January 9, 1934. The bill of exceptions was filed February 13, 1934, which was within the forty-day period prescribed by the statute. Therefore, the motion to strike the bill of exceptions is overruled.

*Motion to dismiss appeal allowed.*

*Motion to strike bill of exceptions overruled.*

Ross, J., concurs.